UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **KEVIN AND TRACY WRIGHT,** | ) | CASE NO. 5:10CV02188 |
| | ) | |
| Plaintiffs, | ) | **Judge Sara Lioi** |
| | ) | **Magistrate Georgia Limbert** |
| v. | ) | |
| | ) | |
| **SAND CANYON CORPORATION, et al.** | ) | **SAND CANYON'S ANSWER TO THE** |
| | ) | **COMPLAINT** |
| | ) | |
| Defendants. | ) | |

Defendant Sand Canyon Corporation ("Sand Canyon") respectfully answers Plaintiffs' "Complaint for Declaratory Relief" (the "Complaint") as follows:

**FIRST DEFENSE**

**RESPONSE TO THE SECTION ENTITLED
"JURISDICTION AND VENUE"**

1. Portions of paragraph 1 states a legal conclusion to which no response is deemed necessary, but, if a response is deemed necessary, Sand Canyon denies the allegations contained in this Paragraph to the extent they are inconsistent to the applicable law.  In further response, Sand Canyon admits that 6162 Ridgewood Street S.W., Canton is physically situated within the geographical boundaries of Stark County.

2. In response to paragraph 2 of the Complaint, Sand Canyon states that "purchasers of record" is a term of art to which no response is required.  To the extent a response is deemed necessary, Sand Canyon admits that on May 17, 2006, Kevin and Tracy Wright signed a Note in the amount of $132,500 and gave a mortgage on "the Property" as security for repayment of the Note.

3. Sand Canyon denies that it has any current interest in the Property.

4. Paragraph 4 of the Complaint is directed to a party other than Sand Canyon, but to the extent an answer is required, Sand Canyon denies due to lack of knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5. Paragraph 5 contains a legal statement to which no response is required. To the extent a response is deemed necessary, Sand Canyon denies the averment to the extent it is inconsistent with the applicable law.

6. Paragraph 6 contains a legal statement to which no response is required. To the extent a response is deemed necessary, Sand Canyon admits that the Property is situated in Stark County.

### RESPONDING TO THE SECTION ENTITLED "IDENTITY OF PARTIES"

7. Sand Canyon is without knowledge or information sufficient to form a belief as to the truth of the averment set forth in paragraph 7 of the Complaint. To the extent a response is deemed necessary, Sand Canyon admits that on May 17, 2006, Kevin and Tracy Wright signed a Note in the amount of $132,500 and gave a mortgage on "the Property" as security for repayment of the Note.

8. Sand Canyon denies the averments set forth in paragraph 8 of the Complaint, except Sand Canyon admits that the address of its principal place of business is accurately reproduced and that it voluntarily surrendered its Ohio charter.

9. The averments of Paragraph 9 of the Complaint are directed to a party other than Sand Canyon. To the extent a response is required, Sand Canyon denies due to lack of knowledge or information sufficient to form a belief as to their truth.

## RESPONDING TO THE SECTION ENTITLED
## "PERTINENT FACTS AND LAW "

10. Paragraph 10 of the Complaint contains legal statements and or conclusions to which no response is required.  To the extent a response is deemed necessary, Sand Canyon admits that Plaintiffs gave an open end mortgage on the Property to Option One Mortgage Corporation on May 17, 2006, which mortgage was filed with the Stark County Recorder on May 22, 2006..

11. Paragraph 11 of the Complaint contains legal statements and or conclusions to which no response is required.  To the extent a response is deemed necessary, Sand Canyon admits that the Rider is the best evidence of its own content.

12. Sand Canyon admits the averments set forth in paragraph 12 of the Complaint, except Sand Canyon denies that it is a direct subsidiary of H&R Block, Inc.

13. Sand Canyon denies the averments set forth in paragraph 13 of the Complaint, except Sand Canyon admits it discontinued loan origination prior to the end of January 2008.

14. Sand Canyon denies the averments set forth in paragraph 14 of the Complaint, except Sand Canyon admits American Home Mortgage Servicing, Inc. purchased Option One Mortgage Corporation's servicing rights and generally did not purchase any mortgage loans owned by Option One Mortgage Corporation.

15. The averment of paragraph 15 of the Complaint seeks to characterize the content of the document attached to the Complaint as Plaintiff Exhibit 2.  Sand Canyon admits that Exhibit 2 is the best evidence of its own content. In further response, Sand Canyon admits that it filed notice with the Ohio Secretary of State on August 7, 2008 that it had changed its name to Sand Canyon Corporation.

16. The averment of paragraph 16 of the Complaint seeks to characterize the content of the document attached to the Complaint as Plaintiff Exhibit 3. Sand Canyon admits that Exhibit 3 is the best evidence of its own content. In further response, Sand Canyon admits that it filed notice with the Ohio Secretary of State on August 18, 2008 that it was voluntarily surrendering its charter to do business in the State of Ohio.

17. In response to paragraph 17 of the Complaint, Sand Canyon admits it its entire interest in Plaintiffs' Note to Wells Fargo N.A., as Trustee for Option One Mortgage Loan Trust 2006, Asset Backed Certificates, Series 2006-2 on August 6, 2010. The remaining averments of paragraph 17 are legal statements and or conclusions to which no response is required. To the extent a response is deemed necessary, Sand Canyon denies the remaining averments.

18. Sand Canyon denies the allegations in paragraph 18 of the Complaint.

19. Paragraph 19 contains legal statements an/or conclusions to which no response is required. To the extent a response is required, Sand Canyon agrees that the lender has a lien against this Property to secure the repayment of Plaintiffs' loan.

### RESPONSE TO THE SECTION ENTITLED "ERRORS, OMISSIONS AND MISREPRESENTATIONS ON FACE OF ASSIGNMENT"

20. The averment of paragraph 20 of the Complaint seeks to characterize the content of the assignment of mortgage attached to the Complaint as Plaintiff Exhibit 4. Sand Canyon admits that Exhibit 4 is the best evidence of its own content.

21. The averments set forth in paragraph 21 of the Complaint seek to characterize the content of the document attached to the Complaint as Plaintiff Exhibit 5. Sand Canyon admits that Exhibit 5 is the best evidence of its own content. In further response, Sand Canyon admits that it accepts service at 6531 Irvine Center Drive, Irvine, California 92618 and that it does not

maintain an office in Coppell, Texas, and Sand Canyon denies the remaining averments in paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint contains legal statements and/or conclusions to which no response is required. To the extent a response is required, Sand Canyon is without knowledge or information sufficient to form a belief as to their truth and accordingly denies.

23. Sand Canyon denies the averments of paragraph 23, except it admits that the headquarters for American Home Mortgage Servicing, Inc. is in Coppell, TX.

24. Paragraph 24 states a legal conclusion to which no response is required, but, if a response is deemed necessary, Sand Canyon denies the averment contained in this paragraph to the extent it is inconsistent with the applicable law.

25. Paragraph 25 of the Complaint contains legal statements and/or conclusions to which no response is required. To the extent a response is required, Sand Canyon admits that Harold Nord III executed the assignment and that his signature on the document is authentic. Sand Canyon denies that the signature is invalid.

26. Paragraph 26 of the Complaint contains legal statements and/or conclusions to which no response is required. To the extent a response is required, Sand Canyon denies that the true party behind this Assignment is not identified on the instrument's face.

27. The allegations in paragraph 27 of the Complaint state a legal conclusion to which no response is required, but, if a response is deemed necessary, Sand Canyon denies.

28. Paragraph 28 of the Complaint contains legal statements and/or conclusions to which no response is required. To the extent a response is required, Sand Canyon denies the allegations to the extent they are inconsistent with applicable law, and Sand Canyon specifically denies that the assignment is invalid.

29. Paragraph 29 of the Complaint contains legal statements and/or conclusions, to which no response is required. To the extent an answer is required, Sand Canyon admits that it is not located at 1525 South Beltline Rd., Coppell, TX 75019.

30. Paragraph 30 of the Complaint contains legal statements and/or conclusions to which no response is required. To the extent a response is required, Sand Canyon denies.

31. The allegations in paragraph 31 of the Complaint seek to characterize the content of a writing, but the writing is the best evidence of its own content, and Sand Canyon denies Plaintiffs' attempts to characterize the writing. Sand Canyon admits that the servicing rights are not subject to the assignment.

## ANSWERING THE SECTION ENTITLED "ERRORS, OMISSIONS AND DEFECTS APPEARING ON FACE OF NOTARY STATEMENT"

32. The averments of paragraph 32 of the Complaint seek to characterize the content of a writing, and Sand Canyon admits that the writing is the best evidence of its own content. Sand Canyon denies Plaintiffs' attempts to characterize the writing.

33. Paragraph 33 of the Complaint contain legal statements and/or conclusions to which no response is required. To the extent a response is deemed necessary, Sand Canyon denies.

34. The averments of paragraphs 34 and 35 of the Complaint seek to characterize the content of a writing, but the writing is the best evidence of its own content, and Sand Canyon denies Plaintiffs' attempts to characterize the writing. In further response, Sand Canyon denies the remaining averments of paragraphs 34 and 35.

### ANSWERING THE SECTION ENTITLED
### "STATUTE OF FRAUDS REQUIRES WRITING SIGNED BY PARTY TO BE CHARGED"

35. Sand Canyon denies that it has any current interest in Plaintiffs' loan, and Sand Canyon admits Harold Nord III had the authority to execute the assignment on its behalf. Sand Canyon is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Harold Nord III's beliefs.

36. Paragraphs 37 through 39 of the Complaint contain legal statements and/or conclusions to which no response is required. To the extent a response is required, Sand Canyon denies each and every averment in paragraphs 37 through 39 not herein admitted.

37. Sand Canyon admits that no attachments were filed with the Assignment, but denies that the absence of any attachments effects the validity of the Assignment, and denies any attempt by Plaintiffs to construe the legality of the Assignment. Sand Canyon denies the remaining allegations in paragraph 40 of the Complaint.

38. The allegations in paragraph 41 of the Complaint state a legal conclusion to which no response is required, but to the extent a response is deemed necessary, Sand Canyon denies.

### RESPONSE TO THE SECTION ENTITLED
### "OHIO REVISED CODE REQUIRES ENDORSEMENT OF GRANTEE"

39. Paragraph 42 of the Complaint seeks to characterize the content of a statute and sets forth a legal statement to which no response is required.

40. Paragraph 43 of the Complaint contains legal statements and/or conclusions to which no response is required. To the extent a response is required, Sand Canyon denies that the absence of an endorsement by Wells Fargo makes the assignment invalid or unrecordable.

## RESPONSE TO THE SECTION ENTITLED
## "OHIO RECORDING STATUTES GOVERNING INTERESTS IN REAL ESTATE"

41. Paragraphs 44 through 51 of the Complaint contain legal statements and/or conclusions to which no response is required.  To the extent a response is required, the statutes speak for themselves.

## RESPONSE TO THE SECTION ENTITLED
## "THE SECURITIZATION PROCESS"

42. The averments in paragraphs 52 through 54 of the Complaint attempt to characterize the content of two separate writings, but the writings are the best evidence of their content, and Sand Canyon denies Plaintiffs' attempts to characterize the writings.  In further response, Sand Canyon admits Plaintiffs executed an Open End Mortgage for $132,000 on May 17, 2006 in favor of Option One Mortgage Corporation.  Further answering, the remaining averments of paragraphs 52 through 54 of the Complaint are legal statements and/or conclusions to which no response is required.  Sand Canyon denies the averments contained in these paragraphs to the extent they are inconsistent with the applicable law.

43. Paragraphs 55 through 57 of the Complaint contain legal statements and/or conclusions to which no response is required.  To the extent a response is required, Sand Canyon denies such averments contained in these paragraphs to the extent they are inconsistent with the applicable law.  Sand Canyon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraphs 55 through 57 and accordingly denies.

44. Paragraph 58 of the Complaint attempts to characterize the content of a writing, but the writing is the best evidence of its own content, and Sand Canyon denies Plaintiffs' attempts to characterize the writing.

45. Paragraph 59 of the Complaint contains legal statements and/or conclusions to which no response is required. To the extent a response is deemed necessary, Sand Canyon denies the allegations contained in this paragraph to the extent they are inconsistent with the applicable law.

46. Paragraphs 60 through 62 of the Complaint attempt to characterize the content of a writing, but the writing is the best evidence of its own content, and Sand Canyon denies Plaintiffs' attempts to characterize the writing. In further response, Sand Canyon denies the remaining allegations in paragraphs 60 through 62 to the extent they are inconsistent with the applicable law.

47. Certain allegations in paragraph 63 of the Complaint attempt to characterize the content of a writing, but the writing is the best evidence of its own content, and Sand Canyon denies Plaintiffs' attempts to characterize the writing. Sand Canyon admits that ownership passed to Wells Fargo as Trustee for Option One Mortgage Loan Trust 2006-2, Asset Backed Securities, Series 2006-2, and is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the Complaint. In further response, Sand Canyon denies that any transfers that had to be recorded were unrecorded.

48. Sand Canyon denies the allegations in paragraph 64 of the Complaint as they apply to it.

49. Sand Canyon denies the allegations in paragraph 65 of the Complaint.

50. Sand Canyon denies the allegations in paragraph 66 of the Complaint.

### RESPONSE TO THE SECTION ENTITLED "FRAUDULENT REPRESENTATION IN ASSIGNMENT"

51. Sand Canyon denies the allegations in paragraph 67 of the Complaint.

## RESPONSE TO THE SECTION ENTITLED
## "CHICANERY BY SAND CANYON"

52. Sand Canyon admits that, after it assigned it interest in Plaintiffs' loan on August 6, 2010, it held no interest in the loan, but Sand Canyon denies the remaining allegations in paragraph 68 of the Complaint.

53. Sand Canyon denies the allegations in paragraph 69 of the Complaint.

54. The allegations in paragraphs 70 and 71 of the Complaint state legal conclusions to which no response is needed, but to the extent a response is deemed necessary, Sand Canyon denies the allegations in paragraph 70 and 71 of the Complaint.

## RESPONSE TO THE SECTION ENTITLED
## "UNRECORDED TRANSFERS RENDER NOTE UNENFORCEABLE"

55. Paragraphs 72 through 77 of the Complaint contain legal statements and/or conclusions to which no response is required, and Sand Canyon denies the allegations contained in this paragraph to the extent they are inconsistent with the applicable law. The remaining averments in paragraphs 72 through 77 seek to characterize the content of a writing, and since the document is the best evidence of its content, Sand Canyon denies any attempt by Plaintiffs to characterize the writing. Sand Canyon denies each and every other averment in paragraphs 72 through 77 not otherwise responded to herein.

56. Paragraph 78 of the Complaint contains legal statements and/or conclusions to which no response is required. To the extent a response is required, Sand Canyon denies.

## RESPONSE TO THE SECTION ENTITLED
## "ASSIGMENT WILL EXTINGUISH RIGHTS OF TRUE OWNER "

57. Sand Canyon denies the allegations in paragraphs 79 and 80 of the Complaint.

### RESPONSE TO THE SECTION ENTITLED
### "AMERICAN HOME MORTGAGE POSSESSES ONLY SERVICING RIGHTS"

58. Sand Canyon denies the averments of paragraph 81 of the Complaint, except it admits that American Home Mortgage Servicing, Inc. is the current servicer of the loan.

### RESPONSE TO THE SECTION ENTITLED
### "CLOUDS PLACED UPON PLAINTIFF'S PROPERTY"

59. Sand Canyon denies the allegations in paragraph 82 of the Complaint.

### RESPONSE TO THE SECTION ENTITLED
### "PLAINTIFFS *QUIET TITLE* CAUSE OF ACTION AGAINST DEFENDANTS"

60. Paragraph 83 of the Complaint seek to characterize the content of a statute which speaks for itself. Sand Canyon denies any attempt by Plaintiff to characterize the writing.

61. Sand Canyon admits the Plaintiffs have an interest in the Property as alleged in paragraph 84 of the Complaint, but denies that the Plaintiffs' interest was created by the Open End Mortgage.

62. Sand Canyon denies the allegations in paragraph 85 of the Complaint as they apply to it.

63. Paragraphs 86 through 88 of the Complaint contain legal statements and/or conclusions to which no response is required. To the extent a response is required, Sand Canyon denies the allegations contained in these paragraphs to the extent they are inconsistent with the applicable law. In further response, Sand Canyon specifically denies that the assignment is invalid and that Plaintiffs are entitled to any relief whatsoever from Sand Canyon.

### RESPONSE TO ALL ALLEGATIONS OF THE COMPLAINT

Sand Canyon denies all allegations of the Complaint not specifically admitted herein.

11

**RESPONSE TO "PRAYER FOR RELIEF"**

Sand Canyon denies that Plaintiffs are entitled to any relief whatsoever from Sand Canyon, including any relief requested in the Prayer for Relief or the "WHEREFORE" paragraph.

**SECOND DEFENSE**

All counts of the Complaint fail to state a claim upon which relief can be granted.

**THIRD DEFENSE**

All counts of the Complaint are barred by the contractual agreements entered into by Plaintiffs.

**FOURTH DEFENSE**

All counts of the Complaint are barred pursuant to the doctrines of unclean hands, waiver, estoppel, and/or laches.

**FIFTH DEFENSE**

All counts of the Complaint are barred by the applicable statute of limitations.

**SIXTH DEFENSE**

All counts of the Complaint were the direct and proximate result of a responsible and superseding intervening cause, including Plaintiffs' themselves.

**SEVENTH DEFENSE**

The injuries and damages alleged by Plaintiffs were directly and proximately caused by the conduct of a person or entity other than Sand Canyon.

**EIGHTH DEFENSE**

The allegations contained in the Complaint are barred by Plaintiffs' own failure to make mortgage payments as required and/or otherwise abide by the terms of the mortgage/note.

**NINTH DEFENSE**

Plaintiffs are not entitled to damages pursuant to the facts as alleged in the Complaint.

**TENTH DEFENSE**

Plaintiffs are not entitled to attorneys' fees pursuant to the facts as alleged in the Complaint.

**ELEVENTH DEFENSE**

Sand Canyon reserves the right to assert additional affirmative defenses as they become known and applicable.

**WHEREFORE**, having fully answered, Wells Fargo requests that this Court:

(1)     dismiss the Complaint at Plaintiffs' cost; and

(2)     award Wells Fargo its costs and any further relief to which they might be entitled.


Respectfully submitted this 5th day of October, 2010.


/s/ *Robin M. Wilson*
Robin M. Wilson #0066604
**THOMPSON HINE LLP**
127 Public Square, Suite 3900
Cleveland, OH 44115
(216) 566-5500 (Phone)
(216) 566-5800 (Fax)
robin.wilson@thompsonhine.com

ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

      This is to certify that a copy of the forgoing Answer of Sand Canyon Corporation was filed electronically on October 5, 2010.  Notice of electronic filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                                      /s/  Robin M. Wilson