# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN WRIGHT, et al., | ) | CASE NO. 5:10CV2188 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| SAND CANYON CORPORATION, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

Before the Court is plaintiff's motion to remand, as supplemented (Doc. Nos. 4, 10), defendants' brief in opposition (Doc. No. 12) and plaintiffs' reply (Doc. No. 13). For the reasons discussed below, the motion is **DENIED**.

This action was originally filed in Stark County Court of Common Pleas on August 27, 2010. The plaintiffs seek to invalidate defendant Sand Canyon's assignment of their mortgage to defendant Wells Fargo Bank. The action is predominantly one for declaratory judgment, although plaintiffs also seek to recover their costs and attorney's fees. On September 28, 2010, the defendants removed the action on the basis of diversity jurisdiction, asserting that they had each been served on September 1, 2010.

Plaintiffs challenge the removal on several grounds: (1) that defendants' counsel had not first filed a notice of appearance conforming to Fed. R. Civ. P. 11; (2) that the rule of unanimity is not satisfied; (3) that documents required by the removal statute were not submitted; (4) that it is too late to cure the defects in the notice of removal; and (5) that the amount in

controversy to support diversity jurisdiction has not been met. Plaintiffs also seek to recover the costs and attorney's fees associated with the filing of the motion to remand. The Court will address the fifth argument first and then the others.

**Lack of Subject Matter Jurisdiction**

In their supplement to the motion to remand, plaintiffs argue that the amount in controversy necessary to support diversity jurisdiction cannot be established. They assert that this is a declaratory judgment action seeking only to correct paperwork related to their mortgage not any kind of challenge to the mortgage itself.

The burden is on the removing defendant "to show by a preponderance of the evidence that the allegations in the complaint at the time of removal satisfy the amount-in-controversy requirement." *Northup Properties, Inc. v. Chesapeake Appalachia, L.L.C.*, 567 F.3d 767, 769-70 (6th Cir. 2009) (citing *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001)). "[F]or actions seeking a declaratory judgment, we measure the amount in controversy by 'the value of the object of the litigation.'" *Id.* at 770 (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).

Defendants would have the Court determine that the amount in controversy is the value of the plaintiffs' mortgage loan, i.e., $158,168 (the current payoff amount). Plaintiffs argue that they filed an action to quiet title, the object of which is merely to correct records;[1] they are not attempting to invalidate their mortgage note, but only to invalidate the assignment from Sand Canyon to Wells Fargo.

---

[1] Although plaintiffs also seek attorney's fees, "[a]s a general rule, attorneys' fees are excludable in determining the amount in controversy for purposes of diversity, unless the fees are provided for by contract or where a statute mandates or expressly allows the payment of such fees." *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007).

2

The Sixth Circuit has not yet resolved whether it "view[s] the amount in controversy from the perspective of the plaintiff or the defendant." *Northrup*, 567 F.3d at 770 n.1 (citing *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 819 (6th Cir. 2006); *Olden v. LaFarge Corp.*, 383 F.3d 495, 503 n.1 (6th Cir. 2004)). However, this Court concludes that, even from the plaintiffs' viewpoint, the amount in controversy is met. Although plaintiffs are not attempting to invalidate their mortgage note, they are attempting to invalidate an assignment of that note. Should their attempt fail, Wells Fargo's interest in the note, by virtue of the assignment of the note from Sand Canyon to Wells Fargo, would give Wells Fargo the right to foreclose should plaintiffs default on their loan payments. Wells Fargo's ability to exercise that right (or not) certainly has a monetary value to the plaintiffs at least equal to the original amount of the note, i.e., $132,000.

The Court concludes that, on the face of the notice of removal, the jurisdictional amount is met.

**<u>Failure to File a Notice of Appearance Conforming with Rule 11</u>**

Plaintiffs argue that, at the time of the filing of the notice of removal on behalf of both defendants, counsel was not the attorney of record in the Stark County Court for defendant Wells Fargo Bank and had also not filed a notice of appearance in *this* Court on behalf of either defendant. They assert, therefore, that the notice of removal was filed in violation of Rule 11.

The Court finds absolutely no merit in this argument. The notice of removal is signed by Robin M. Wilson of the law firm Thompson Hine LLP as "one of the Attorneys for Defendants Sand Canyon and Wells Fargo." There is no reason to reject this representation. Since the notice of removal was the first pleading filed in this Court, it serves as a notice of

3

appearance, much like plaintiffs' motion to remand served as the notice of appearance for their counsel, who also filed no separate notice of appearance. Further, although Ms. Wilson may not have filed a notice of appearance on behalf of Wells Fargo in the state court, that is no proof that Wells Fargo did not retain her services for purposes of the removal. In fact, Ms. Wilson represents in the opposition brief that she and her firm were retained by Wells Fargo on September 24, 2010. (Opposition at 8-9, n.2.)

The Court rejects this argument as a ground for remand.

**<u>Satisfaction of the Rule of Unanimity</u>**

Under the rule of unanimity, as properly pointed out by the plaintiffs, "all defendants in the action must join in the removal petition or file their consent to removal in writing within thirty days of receipt" of either the summons or another later-filed paper which indicates that the case is removable. *Loftis v. United Parcel Service, Inc.*, 342 F.3d 509, 516 (6th Cir. 2003).

Plaintiffs argue that Wells Fargo has not met this requirement. *See* Motion at 11 ("in this docket, Wells Fargo Bank is nowhere to be found"). For that matter, they even argue that "[m]uch of the same can be said of Sand Canyon Corporation." *Id*. at 12. This is simply not true. Attorney Wilson filed the notice of removal on behalf of both defendants and she is listed on the Clerk's docket as counsel for both.

The rule of unanimity has been met.

**Failure to Comply With Removal Statute and Inability to Cure the Defects**

Finally, plaintiffs argue that defendants failed to comply with the removal statute because the record filed with this Court at the time of removal did not contain the summons for Wells Fargo and, because the time for filing a notice of removal has expired, this defect cannot be cured.

As defects go, this one is inconsequential. Even though the removal statute is to be strictly construed, *Eastman v. Marine Mechanical Corp.*, 438 F.3d 544, 550 (6th Cir. 2006), any failure to conform to these procedural rules is not a jurisdictional defect and is curable by amendment even after the thirty-day window for filing the notice has expired. *See, e.g., Klein v. Manor Healthcare Corp.*, Nos. 92-4328, 92-4347, 1994 WL 91786, at *4 (6th Cir. Mar. 22, 1994) ("In recent years, this court has expressed a reluctance to interpret statutory removal provisions in a grudging and rigid manner, preferring instead to read them in a light [. . .] more consonant with a modern understanding of pleading practices."); *Greenwood v. Delphi Automotive Systems, Inc.*, 197 F.R.D. 597, 600 (S.D. Ohio 2000).

Plaintiffs complain about one missing summons and missing corporate disclosure statements (the latter being required not by the removal statute but by local rule).[2] As noted, the missing summons was inconsequential and was promptly supplied one week after the notice of removal was filed. *See* Doc. No. 5. Although that fell outside the thirty-day time period for filing a notice of removal, it was not unreasonably delayed. As for the missing corporate disclosure statements, only the Court would be in a position to know that virtually every case on its docket

---

[2] In fact, they needlessly apply some nefarious reason for the failure to supply the records, referring to them as "suspiciously absent." (Motion at 12.)

contains a notice from the Clerk that the statement is missing. This is hardly the type of fatal flaw that would warrant remand.

The Court concludes that the defendants have complied with the removal statute.

**Conclusion**

Accordingly, for the reasons discussed above, plaintiffs' motion to remand is **DENIED**.

**IT IS SO ORDERED**.

Dated: May 11, 2011

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**